**Gagandeep SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–74508.**

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Dec. 8, 2003.*

Decided Dec. 18, 2003.

Ashwani K. Bhakhri, Esq., Burlingame, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Alison Marie Igoe, Office of Immigration Litigation, Genevieve Holm, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Gagandeep Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have juris-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

diction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

■ The IJ made an adverse credibility finding against Singh that is supported by substantial evidence in the record. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000). The finding was based in part on Singh's last-minute correction of his asylum application to indicate that his right wrist, not his left arm, had been injured. After considering Singh's explanation for the timing of the correction, the IJ noted that it was made "before the testimony today in order to conform with the information" contained in a recently submitted doctor's letter of corroboration. *Cf. Garrovillas v. INS,* 156 F.3d 1010, 1014 (9th Cir.1998) ("[T]here is nothing in the record to suggest that Garrovillas had any reason to fear that a false assertion would be exposed at the hearing. Thus ... the most likely explanation for the change is a desire to tell the truth and to correct a false statement that reflected no culpable conduct on his part. If the inconsistency were accompanied by other indications of dishonesty, we might deem the BIA's finding justified."). Further, the IJ's adverse credibility determination is supported by inconsistencies concerning the duration and scope of Singh's medical care that "go to the heart of [his] asylum claim [and] justify an adverse credibility finding." *Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir.2002) (quotation marks and citation omitted).

We agree with Singh that not all of the other grounds for the IJ's determination are valid. Substantial evidence nevertheless supports the adverse credibility finding. "At the very least, the record does not compel the opposite conclusion." *Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000).

■ In evaluating Singh's fear of future persecution, the IJ concluded that "it seems highly unlikely that, with his mini-

mal amount of support [of the All–India Sikh Students Federation ("AISSF") ], [Singh] would be of interest to the police." A reasonable factfinder could examine the extensive documentation, such as the 1997 State Department "Addendum to the India Country Profile," and establish that conditions in the Punjab normalized for supporters of the AISSF after Singh left. Substantial evidence therefore also supports the IJ's finding that Singh has no objectively well-founded fear of persecution.

■ By failing to qualify for asylum, Singh necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003). In addition, Singh is not entitled to CAT relief because he did not demonstrate that it is more likely than not that he would be tortured if returned to India. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**